UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| LARRY NORRIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 14-234-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| DR. MARRERO, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Larry Norris is a federal inmate currently housed in the St. Louis Residential Reentry Management Office ("St. Louis RRMO") in St. Louis, Missouri.[1] Norris was previously confined in the Federal Medical Center ("FMC") in Lexington, Kentucky, from April 28, 2008, to May 13, 2011. [Record No. 1, p. 14] Proceeding *pro se*, Norris has filed a Complaint under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1] He asserts claims arising under the Fifth and Eighth Amendments to the United States Constitution, Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794. [*Id.*] The named defendants are FMC-Lexington prison personnel: Dr.

---

[1] The plaintiff's address of record is Larry Norris, Volunteers of America, 611 N. Capitol, Indianapolis, IN 64204. Per the Bureau of Prisons' ("BOP") website, www.bop.gov/inmateloc (last checked December 23, 2014), Norris has been transferred to the St. Louis RRMO. The Clerk of the Court will be instructed to update the docket with the current address.

-1-

Marrero; Dr. Growse, Medical Director; Ms. Lief, Therapist; and Ms. Carpenter, Nurse. Norris seeks compensatory damages totaling $4,070,000.00.

Because Norris asserts claims against government officials, the Court conducts a preliminary review of his Complaint pursuant to 28 U.S.C. § 1915A. The Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Norris's Complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the plaintiff's factual allegations are accepted as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Court has given Norris's Complaint a broad construction. However, Norris has failed to state a claim for which relief can be granted. Moreover, his suit is time-barred. Accordingly, the Complaint will be dismissed against all defendants.

**I.**

Norris's claims against the defendants are identical. He alleges that each:

> . . . acting under color of law and acting in [his or her] official capacity or exercising [his or her] responsibility pursuant to federal statutes and BOP Policies and Procedures knew or should have known that [he or she] was abusing or exceeding [his or her] authority in violation of law, the ADA and § 504, to wit: denial of access to necessary medical care; denial of food; denial of properly filing a legitimate grievance and undermining the grievance process; placing Plaintiff in isolation such that his mental disability was augmented and he suffered a form of mental torture; physically abusing Plaintiff, allowing for Plaintiff to be physically abused, and failing to properly train and supervise subordinates who physically abused Plaintiff; and mentally abusing Plaintiff, allowing Plaintiff to be mentally abused, and for failing to properly train and supervise subordinates who mentally abused Plaintiff.

[Record No. 1, pp. 15-17]

Norris states that he is "by fact and by law a 'qualified individual with a disability,'" suffering from, *inter alia:* diabetes, congestive heart failure, hypertension, high cholesterol, Hepatitis C, tuberculosis, anxiety disorders, depression, and antisocial personality disorder. [Record No. 1, pp. 7, 13-14] The Complaint contains a host of vague allegations. Norris appears to allege that, during his confinement at FMC-Lexington, he received inadequate medical care in violation of his Eighth Amendment rights, the ADA, and the RA. [*Id.* at p. 14] Specifically, he claims that the defendants: (1) denied the plaintiff access to necessary medical care; (2) denied him proper foot wear; (3) improperly placed the plaintiff in isolation; (4) forced him to work in an environment that exacerbated his existing mental disabilities; and (5) delayed providing treatment for an obvious condition. [Record No. 1] Norris asserts that these actions amount to "deliberate indifference" under the Eighth Amendment and discrimination based on his disabilities in violation of the ADA and RA. Finally, he appears to assert a Fifth Amendment due process claim, alleging that he was prevented from pursuing his grievances through the administrative process. [*Id.* at p. 6]

## II.

### A. Official Capacity Claims

To the extent that Norris may be asserting Fifth and Eighth Amendment claims against the defendants in their official capacities, the claims will be dismissed. In *Bivens*, the Supreme Court created a private right of action for damages against federal officers who are alleged to have violated a citizen's constitutional rights. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). A *Bivens* claim may only be asserted against federal employees in their

-3-

individual capacities. It may not be asserted against federal employees or officers in their official capacities. *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003); *Cuco v. Fed. Med. Center-Lexington*, No. 05-CV-232-KSF, 2006 U.S. Dist. LEXIS 49711 (E.D. Ky. June 9, 2006)..

When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States. *See Clay v. United States*, No. 05-CV-599-KKC, 2006 WL 2711750 (E.D. Ky. Sept. 21, 2006). Federal courts lack subject matter jurisdiction to consider a claim for damages against the United States in the absence of a clear waiver of sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212-14 (1983). Accordingly, the claims against these defendants in their official capacities will be dismissed for failure to state a claim.[1] 28 U.S.C. § 1915A(b)(1).

**B.     Individual Capacity Eighth Amendment Medical Claims**

1.     The *Bivens* Claims Against Public Health Service Defendants

Norris claims that "Defendant, Doctor Growse, was at all relevant times herein the Medical Director at FMC Lexington and has final health care authority for the institution and is responsible for health care practitioners and Public Health Service Officers on site as well as establishing health care programs." [Record No. 1, p. 2] Insofar as Growse and any other named defendants are employed or commissioned under the United States Public Health Service (PHS), Norris' *Bivens* claims are precluded. Employees of the Public Health Service (PHS) may be sued only under the Federal Tort Claims Act:

> The remedy against the United States provided by section 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28,

---

[1] These claims are also barred by the applicable statute of limitations. To avoid repeating that discussion, the Court sets forth the statute of limitations analysis once, *infra*.

> for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a). Because the FTCA provides the sole remedy for an inmate allegedly injured by PHS officials acting within the scope of their employment, Norris cannot maintain an action under *Bivens* against prison doctors for acts or omissions made while performing their official tasks. *Cuco*, 2006 U.S. Dist. LEXIS 49711, at *66.

      2.     *Bivens* Claims Barred by the Statute of Limitations

As a prisoner asserting *Bivens* claims against individual defendants for violation of his Eighth Amendment rights, Norris must allege that the defendants showed "deliberate indifference" to his "serious medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Because neither 42 U.S.C. § 1983 nor the judicially-crafted remedy under *Bivens* include a statute of limitations, federal courts apply the most analogous statute of limitations from the state where the events giving rise to the cause of action occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The events at issue occurred in Kentucky. Therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. KRS § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

In *Bivens* actions, federal law supplies its own rule of claim accrual. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). A claim accrues and the statute of limitations begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury providing the basis for the

claim. *Kelly v Burks*, 415 F.3d 558, 561 (6th Cir. 2005). A plaintiff need not know the full extent of his injuries before his claim accrues. Instead, he need only be sufficiently aware of the injury to put him on inquiry notice. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). Additionally, federal law requires that prisoners exhaust their administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). During that time, the statute of limitations is tolled, provided the aggrieved party acts in a timely and diligent manner. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

The BOP grievance process is set forth at 28 C.F.R. §§ 542.10-.19. Norris is apparently familiar with this process, as his Complaint alleges thirteen grievances submitted between December 10, 2008, and February 27, 2011. [Record No 1, pp. 3-5] Based on the foregoing regulations, absent an unreasonable delay or extension, the BOP grievance process should ordinarily take no more than 140 days to complete after the prisoner commences the formal grievance process. *See Cuco*, 2006 U.S. Dist. LEXIS 49711, at *84.

In this case, the statute of limitations began to run for each claim when the alleged constitutional violation occurred. It continued to run until Norris filed the inmate grievance reports. The statute was tolled while he completed the exhaustion process. The record suggests that this occurred, at the latest, on February, 27, 2011, when Norris indicates that his most recent grievance was filed. [Record No. 1, p. 5] The limitations period continued to run again following the exhaustion process, presumably no later than July 7, 2011 – 140 days after the last grievance. Here, Norris filed his Complaint on June 13, 2014, or nearly three years after the last grievance was presumably resolved. Thus, all of the plaintiff's Eighth Amendment claims are time-barred.

C. **Individual Capacity Fifth Amendment Due Process Claim**

Construing the plaintiff's Complaint liberally, the Court considers Norris's allegation that he was unable to pursue administrative grievances as a Fifth Amendment due process claim. As previously noted, Norris's Complaint lists thirteen administrative grievances filed between December 10, 2008, and February 7, 2011. [Record No. 1, pp. 3-5] All thirteen grievances were denied. Norris further claims that he was prevented by the defendants from "properly filing a legitimate grievance." [*Id.*, p. 15] According to Norris, these actions violate his right to seek redress of grievances. However, this contention fails to state a viable claim.

Because a prisoner has no constitutional right to access any informal grievance procedure, a prison official's failure to properly adhere to its terms does not state any claim of constitutional dimension. *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *see also Christensen v. United States*, 2013 U.S. Dist. LEXIS 120599 (E.D. Ky. Aug. 26, 2013). Nor does such a failure deprive an inmate of meaningful access to the courts. Although 42 U.S.C. § 1997e(a) requires prisoners to exhaust available administrative remedies, a failure by prison officials to strictly comply with the BOP's inmate grievance program does not impede an inmate's right to petition the courts for the redress of grievances. *Id.* Accordingly, Norris's Fifth Amendment claim will be dismissed for failure to state a claim upon which relief may be granted.

D. **ADA and RA Claims**

Norris also alleges that the defendants have violated the ADA and the RA. As a preliminary matter, only public entities may be sued under the ADA and RA. *Burns v. City of Columbus, Ohio,* 91 F.3d 836, 841 (6th Cir. 1996). The ADA defines the term "public entity," in

relevant part, as "any State or local government," or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131. The ADA and RA prohibit public entities and those who receive federal funding from discriminating on the basis of an individual's disability in the provision of services, programs, or activities of a public entity, expressly stating: "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added).[4]

To the extent that Norris is attempting to assert ADA and RA claims against the defendants in their individual capacities, those claims will be dismissed, since "there is no individual liability under Title II of the ADA." *Sagan v. Sumner Cnty. Bd. of Educ.*, 726 F.Supp.2d 868, 875 (M.D. Tenn. 2010) (citing *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir.2002)). It is well-established that public employees may not be sued in their individual capacity under the ADA and RA. *See Williams v. McLemore*, 247 F. App'x. 1 (6th Cir.2007);

---

[4] Similarly, § 504 of the RA provides in pertinent part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. . . .

29 U.S.C. § 794. "Because the ADA sets forth the same remedies, procedures, and rights as the Rehabilitation Act ... claims brought under both statutes may be analyzed together." *Thompson v. Williamson County*, 219 F.3d 555, 557, n.3 (6th Cir.2000) (citing *Maddox v. University of Tenn.*, 62 F.3d 843, 846, n. 2 (6th Cir.1995)).

*Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808, n. 1 (6th Cir.1999) (holding that the ADA does not permit public employees or supervisors to be sued in their individual capacity). Thus, the plaintiff's claims under the ADA and RA against all defendants in their individual capacity fail as a matter of law.

An ADA and RA suit may be brought against a public entity by naming the entity itself or by suing an agent of an entity in his official capacity. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018 (1978). However, to the extent that Norris is asserting an ADA or RA claim against the defendants in their official capacities which would be properly characterized as a claim against the BOP, that claim fails as a matter of law. While the ADA clearly applies to state prisons, *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998), it does **not** apply to federal prisons or federal entities. *Garcia v. United States*, No. 08-CV-02-JMH, 2008 WL 427575, at *4 (E.D. Ky. Feb. 12, 2008); *Van Over v. DeWalt*, No. 06-CV-192-JMH, No. 2007 956670, at *8 (E.D. Ky. Mar. 28, 2007). Nor does it apply to individuals. *Cuco*, 2006 U.S. Dist. LEXIS 49711, at * 132 (citing *Miller v. King*, 384 F.3d 1248, 1276 (11th Cir.2004) ("the plain language of the statute applies only to public entities, and not to individuals .... the natural meaning of § 12132 is that liability extends only to public entities and not to persons in their individual capacities.")).

Because the ADA and RA apply neither to federal prisons nor individuals, Norris has failed to state a claim for relief.

**III.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall update the docket sheet with Norris's present address: Larry Norris, BOP #08284-028, RRM St. Louis, Residential Reentry Office, 1222 Spruce St., Suite 6.101, St. Louis, MO 63103.

2. All claims asserted in the plaintiff's Complaint [Record No. 1] are **DISMISSED**, with prejudice.

3. A corresponding judgment will be entered this date.

4. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 24th day of December, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge